**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7491**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MANUEL TABARES-CASTILLO, a/k/a Papa,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (7:12-cr-00088-BO-1)

Submitted: December 13, 2021                              Decided: January 14, 2022

Before MOTZ, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Manuel Tabares-Castillo appeals from the district court's order denying his motion for compassionate release. Upon our review of the record, we affirm.

The district court may reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i), if "extraordinary and compelling reasons warrant such a reduction," upon a motion by the Bureau of Prisons' (BOP) Director or by the defendant after he has exhausted his administrative remedies with the BOP. 18 U.S.C. § 3582(c)(1)(A)(i). When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *High*, 997 F.3d at 186. Next, the court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii); *High*, 997 F.3d at 186. Finally, if the court finds that extraordinary and compelling reasons warrant relief, the court must consider the 18 U.S.C. § 3553(a) sentencing factors "in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." *High*, 997 F.3d at 186.

We review a district court's denial of a motion for compassionate release for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021) (per curiam). A court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law. *Id*. at 332. When considering a defendant's

2

motion for compassionate release, a court must "'set forth enough to satisfy [our] court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority,' so as to 'allow for meaningful appellate review.'" *High*, 997 F.3d at 190 (quoting *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) (emphasis omitted)).

We conclude that the district court did not abuse its discretion when it determined that, despite Tabares-Castillo's health, the § 3553(a) sentencing factors weighed against granting compassionate release. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*